# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RONALD BROUNT, #1166464
a/k/a RONALD BRUNT

Petitioner

v

Civil Action No. PWG-17-1465

THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND

Respondent

## MEMORANDUM OPINION

In this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Ronald Brount challenges his state convictions for first degree rape, first degree sexual offense (two counts) and burglary. ECF No. 1.[1] Respondent filed an Answer seeking dismissal of the Petition on the grounds of untimeliness[2] and procedural default. ECF No. 9. Brount filed a Reply. ECF No. 11. Brount subsequently filed a "Motion to Correct" to add additional exhibits to address the timeliness of the Petition,[3] which will be granted. ECF No. 15. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2018); Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *see Fisher v. Lee*, 215

---

[1] Brount is incarcerated in Virginia. This Petition was initially filed in the United States District Court for the Western District of Virginia, Roanoke Division, which transferred the case to the District of Maryland. ECF No. 2; ECF No. 9-9 at 12.

[2] Brount's Petition is timely filed consonant with the decision in *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019) (holding the one-year limitations for filing a petition under § 2254 was tolled during the pendency of a Motion for a Reduction of Sentence in a Maryland court under Maryland Rule 4-345). *See infra* note 4.

[3] Brount moves to add three exhibits and a memorandum to the record. (ECF Nos. 15-2, 15-3, 15-4, 15-5). He asserts these exhibits were mailed to the Court on November 15, 2018, but not filed. There is no record these documents were ever received by the Clerk. The Motion will be granted.

F.3d 438, 455 (4th Cir. 2000). For the reasons set forth below, the Petition will be denied and dismissed. A certificate of appealability shall not issue

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### Summary of Facts

In 2012, after authorities discovered a DNA match, Brount was arrested for a rape that occurred in Silver Spring, Maryland in 1981. Before trial, Brount appeared before the Circuit Court for Montgomery County, Maryland on three occasions requesting to both represent himself at trial and have counsel appointed to assist him.

On January 20, 2012, Brount appeared in the Circuit Court for Montgomery County, Maryland where he was advised of the charges against him and his right to counsel. ECF No. 9-7; *see also* ECF No. 1-2 at 2. Addressing an assistant public defender who was present at the hearing, but was not assigned to represent Brount, the court sought to ensure that Brount would be interviewed to determine his eligibility for representation by the Public Defender's Office. ECF No. 9-7 at 4-5. Brount informed the court he wanted to represent himself with the assistance of counsel. *Id.* The court instructed that Brount could represent himself or could choose to have counsel and postponed the matter for Brount to speak with counsel from the Public Defender's Office. *Id.* at 6-7.

On February 3, 2012, Brount appeared before the Circuit Court and informed the court, "Well, I still reiterate what I said earlier, that I invoke my right to self-representation and my right under the Sixth Amendment to have counsel to assist me in my defense." ECF No. 9-8 at 6. The court explained to him that you "cannot have both a Public Defender and represent yourself. You

2

have to pick one or the other." *Id.* at 7. Brount elected to be represented by the Office of the Public Defender. *Id.*

On March 23, 2012, Brount, now represented by an assistant public defender, made a third appearance before the Circuit Court. ECF No. 9-9 at 4. Brount explained he wanted to represent himself and for the court to appoint a different attorney to assist him. To this end, he filed a pro se Motion for Substitution of Counsel which the court denied as meritless. *Id.* at 10-11, 16; ECF No. 9-2 at 11. The court again informed Brount that he did not have the option of representing himself with the assistance of appointed counsel; rather, Brount could proceed with representation from the Public Defender's Office, retain another attorney at his own expense, or represent himself. ECF No. 9-9 at 7-8, 11, 13, 15-17. After further inquiry from the court, Brount declined to represent himself without the appointment of counsel to assist him with his self-representation. *Id.*

Brount was represented by counsel from the Public Defender's Office at trial. On April 26, 2012, after a three-day trial, a jury returned a verdict finding Brount guilty of all charges. On June 6, 2012, the Court sentenced Brount to twenty years of imprisonment for burglary, and three concurrent life sentences, one for each sex offense conviction. ECF No. 9 at 1-2; ECF No. 1-2.

### Procedural History

Brount, by his counsel, raised the following claims on direct appeal: (1) was the evidence legally sufficient to support first degree sexual offense; (2) did the trial court err in denying his request for hybrid representation; (3) did the trial court err in admitting video testimony in violation of his right to confront a witness; (4) did the trial court err by allowing the State to present evidence that the DNA analysis produced a "sperm fraction" and a "non-sperm fraction" where there was no evidence confirming the presence of sperm in the sample. ECF Nos. 9-3; 9-4; ECF 1-1. The

3

Court of Special Appeals of Maryland affirmed Brount's judgment of conviction in an unpublished opinion entered on October 14, 2014. *Brount v. State of Maryland*, 109 A.3d 665 (Table) (February 23, 2015); *see also* ECF No. 9-5.[4]

On February 23, 2015, the Court of Appeals of Maryland denied Brount's request for further review. *Brount v. State of Maryland*, Petition Docket No. 537 (Sept. Term, 2014); *see also* ECF No. 9-6 at 32.

On March 7, 2016, Brount filed a Petition for Post Conviction Relief in the Circuit Court for Montgomery County. ECF No 1 at 3; ECF No. 1-2. He presented three claims of error: (1) he was denied his constitutional right to conduct his own defense; (2) he was denied his constitutional right to the effective assistance of counsel in connection with his efforts to exercise his right to self-representation; and (3) he was denied his constitutional right to effective assistance of appellate counsel for failure to argue that Brount was denied his right to conduct his own defense at trial. ECF No. 1-1; ECF No. 1-2.

On August 26, 2016, the Circuit Court held a hearing on the Petition and on October 11, 2016, found that Brount had waived his right to self-representation and that neither trial nor appellate counsel rendered ineffective assistance. ECF 1-2 at 8-10. The court denied post-conviction relief as to all claims. *Id.* at 9-10.

---

[4] Brount also filed a Motion for Reconsideration and an Application for Sentence Review. ECF No. 9-2 at 21. On July 7, 2015, the sentence review panel issued an order leaving the sentence unchanged. *Id.* at 24. Brount's Motion for Reconsideration of his Sentence expired by operation of law on June 6, 2017. *See* Md. Rule 4-345(e) (providing a court may not revise a sentence after five years from the date the sentence was originally imposed). Pursuant to the holding in *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019) (holding the one-year limitations for filing a petition under § 2254 was tolled during the pendency of a Motion for a Reduction of Sentence in a Maryland court under Maryland Rule 4-345), Brount's Motion for Reconsideration tolled the running of the one-year limitations period so that the Petition is timely filed. *See* ECF No. 9 at 12 n. 2 (acknowledging that if Brount's Motion for Reconsideration of Sentence tolled the limitations period under 28 U.S.C. § 2244(d)(2), then the Petition is timely).

On January 3, 2017, the Court of Special Appeals dismissed Brount's Application for Leave to Appeal the denial of post-conviction relief as untimely filed. Brount filed the Application more than 30 days after the Circuit Court's entry of its October 11, 2016 order denying relief, depriving the appellate court of jurisdiction under Maryland Rule 8-204(b)(3)(A) (application for leave to appeal must be filed within thirty days after entry of judgment). *Keys v. State,* 195 Md. App. 19, 27-28 (2010) (30-day time limit is jurisdictional). ECF No. 1-2 at 11.

Brount filed this Petition in the United States District Court for the Western District of Virginia on May 25, 2017, and it was transferred to the District of Maryland on May 31, 2017.

## CLAIMS PRESENTED

Brount advances the following claims of error in support of his Petition for federal habeas relief: (1) he was denied his right to self-representation on the basis of trial court error; (2) he received ineffective assistance of counsel; and (3) he received ineffective assistance of appellate counsel. ECF No. 1 at 5, ECF No. 1-1.

## DISCUSSION

### Legal Standard

The habeas statute provides that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The statutory framework of the federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy,* 521 U.S. 320, 333 n. 7 (1997); *see also Bell v. Cone,* 543 U.S. 447, 455 (2005). The standard is "difficult to meet," and requires

courts to give state-court decisions "the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## Procedural Default

Before considering the substance of a habeas claim, a petitioner must satisfy several threshold conditions. Relevant here is the doctrine of procedural default which occurs when the petitioner fails to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *See Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 45-46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

Procedural default bars presentation of the claim, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v.*

*Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)):*Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015).[5] Cause consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Murray*, 477 U.S. at 488. Even if a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

## Analysis

Respondent argues Brount's claims read as the same ones presented to the state post-conviction court at the circuit level and are procedurally defaulted. ECF No. 9 at 16, *see also* ECF No. 1 at 5; ECF No. 1-1. Respondent asserts none of these claims was presented properly to the state post-conviction court at the appellate level. Specifically, Brount failed to file a timely application for leave to appeal the denial of post-conviction relief under state law, thereby rendering his claims procedurally defaulted. ECF No. 9 at 9, 16. To the extent that Brount may intend to argue in his Reply that the Court of Special Appeals improperly dismissed the Application for Leave to Appeal as untimely (ECF No. 11 at 3-4),[6] the procedural default is unaltered. The Application for Leave to Appeal was dismissed as untimely based on a state procedural rule (Md. Rule 8-204(b)(3)(A)), which provided an independent and adequate ground for the dismissal. *See Coleman*, 501 U.S. at 731-32.

---

[5] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.; see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A petitioner who wants to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

[6] Brount's assertions, however, appear to address the question of whether his federal petition was timely filed.

Brount offers no argument to establish cause and prejudice to excuse the procedural default. Even if Brount could be deemed to have shown sufficient cause, the record provides no basis to find prejudice to excuse procedural default. The claims of ineffective assistance of trial and appellate counsel in the context of his concerns to represent himself did not work "to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494. Further, Brount does not claim actual innocence. For these reasons, I find the claims are procedurally defaulted.

Brount's claim of error on direct review (the trial court erred by denying his request for "hybrid representation") is arguably a semantic variation of his claim of trial court error. But even if the claim presented here were not procedurally defaulted, it provides no cause for federal habeas relief. The Court of Special Appeals rejected Brount's claim that the trial court erred in denying his request for "hybrid representation" claim on direct appeal, stating:

> Appellant argues that the circuit court erred when it failed to allow him to represent himself with the assistance of court appointed counsel. Appellant asserts that the circuit court had the authority to allow hybrid representation, but that the circuit court abused its discretion when it failed to recognize that authority and grant appellant's request.
>
> The State counters that Maryland generally recognizes two forms of representation- self-representation and representation by counsel- and that the circuit court's denial of appellant's request for hybrid representation is strongly supported by Maryland case law.

ECF No. 9-5 at 20.

*******************

> "The Sixth Amendment to the United States Constitution and Article 21 of the Maryland Declaration of Rights guarantee a right to counsel, including appointed counsel for an indigent, in a criminal case involving incarceration." *Parren v. State*, 309 Md. 260, 262-63 (1987) (quoting *Rutherford v. Rutherford*, 296 Md. 347 ,357(1983)). Defendants also have a constitutional right to defend *pro se*. *Leonard*

*v. State,* 302 Md.111, 119 (1985).The right to counsel and the right to defend *pro se* are independent rights. *Parren v. State,* 309 Md. at 263 (citing *Faretta v. California.* 422 U.S. 806, 819 n. 15 (1975)). "The rights are mutually exclusive and the defendant cannot assert both simultaneously." *Leonard,* 302 Md. at 119. "The two rights are disjunctive." *Parren,* 309 Md. at 264.

ECF No. 9-5 at 21.

The Court characterized Brount's claims that the Circuit Court abused its discretion when it declined his request to represent himself and have a court-appointed attorney assist him as "disingenuous," noting he had requested "hybrid representation" on numerous occasions. ECF No. 9-5 at 22 (listing requests). Brount did not want to proceed pro se if the court declined to appoint defense counsel pursuant to his Sixth Amendment right to representation. But, his right to represent himself and his right to representation by counsel are disjunctive rights, and he could not exercise both at the same time. *Id.*[7]

The State court decision is amply supported by the record and is not contrary to, nor does it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The decision is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, even if this claim were not procedurally defaulted, it provides no grounds to award federal relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a

---

[7] The Court of Special Appeals noted too that the Circuit Court has discretion to allow a pro se defendant to avail himself or herself of the aid or advice of counsel as the court deems appropriate, a defendant must first elect to appear pro se, effectively waiving the right to representation under the Sixth Amendment. Even after a defendant makes such an election, any assistance from an attorney is entirely a matter of discretion by the court. ECF No. 9-5 at 23.

9

final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Brount must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because I find that Brount has not made the requisite showing, I decline to issue a certificate of appealability. Brount may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED AND DISMISSED. A certificate of appealability shall not issue. A separate Order follows.

_____  
Date

_November 5, 2019_  
Paul W. Grimm  
United States District Judge